*1014 OPINION.
Murdock :
In section 326 (a) of the Revenue Act of 1918 Ave find that invested capital means, so far as Ave are now concerned:
(2) Actual cash value oí tangible property, other than cash, bona ficie paid in for stock or shares, at the time of such payment * * *.
(4) Intangible property bona fide paid in for stock or shares prior to March 3, 1017, in an amount not exceeding (a) the actual cash value of such property at the time paid in, (b) the par value of the stock or shares issued therefor, or (c) in the aggregate 25 per centum of the par value of the total stock or shares of the corporation outstanding on March 3, 1917, whichever is lowest * ⅜ s.
Provided, That in no case shall the total amount included under paragraphs (4) and (5) exceed in the aggregate 25 per centum of the par value of.the total stock or shares of th.e corporation outstanding at the beginning of the taxable year ⅝ * *.
The stock in question was issued for work done and to be done by Hedrick and property actually received from him. The Avalué of the work done or to be done by him can not be included as such in invested capital, but only in case and to the extent that the value of the work done was represented in the value of some property transferred by him to the corporation for the stock, would that value serve to create or increase invested capital. Part of the property for Avhich the stock was issued may have been “tangible property,” but some of the property was undoubtedly “ intangible property ” as those terms are defined in section 325 of the Revenue Act of 1918. This being so, we would have to know the total actual cash value of the tangible property paid in at the time of payment and also, but separately, the total actual cash value of the intangible property paid in at the time of payment. Then we would also have to know the par value of the total stock or shares of the corporation outstanding on March 3, 1917, and the same at the beginning of the taxable year. No attempt has been made to prove these facts and we are without any knowledge of them, neither do we know the actual cash value of the stock issued to Hedrick in exchange for the things he contributed to the corporation. We can not infer that his contribution was worth $400,000 in the aggregate. Barnes Coal & Mining Co., B. T. A. 891; Wallis Tractor Co. et al., 3 B. T. A. 981. Up *1015 to 1918 nothing seems to have been done by the company except to issue the stock to Dedrick and to try to sell other stock. There is evidence indicating that the stock was not saleable in 1914 and as the stock would reflect the value of the assets back of it, the value of the assets would seem to have been less than $400,000.
Where cases are before the Board under this section of the Act, the actual cash value of the assets paid in for stock or shares at the time of payment must be satisfactorily shown. W. E. Marshall & Co., 1 B. T. A. 175. If the petitioner fails in this, the determination of the Commissioner will be approved. Consolidated Investment Co., 1 B. T. A. 272; Bader Coal Co., 2 B. T. A. 239; Strand Amusement Co., 3 B. T. A. 770; Thomas Publishing Co., 3 B. T. A. 686; Gress Manufacturing Co., 3 B. T. A. 977; Fibre Conduit Co., 4 B. T. A. 1254.
We can not compute from the evidence the proper amount of invested capital to which the petitioner is entitled on account of the transaction with Dedrick. The Commissioner apparently had the same difficulty and so used the special method of assessing the excess-profits tax provided in sections 327 and 328 of the Revenue Act of 1918.

Judgment will be entered for the respondent.